RECEIPT # _____
AMOUNT $ 150
SUMMONS ISSUED 2
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE 7-2-04

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

SCOTTSDALE INSURANCE COMPANY, )
)
        Plaintiff, )
)
v. )   Civil Action No.
)
SUFFOLK CONSTRUCTION )   **04-11507 RGS**
COMPANY, INC. and )
CANATAL INDUSTRIES, INC., )
)   MAGISTRATE JUDGE _____
        Defendants. )

## COMPLAINT

### Introduction

In this action, plaintiff, Scottsdale Insurance Company ("SIC") seeks a declaration pursuant to 28 U.S.C. § 2201 of its rights and obligations, if any, to Suffolk Construction Company ("Suffolk") and Canatal Industries, Inc. ("Canatal") under a general liability insurance policy which it issued to Red Oak Corporation ("Red Oak"). Specifically, SIC seeks a declaration that it has no obligation to defend or indemnify Suffolk against any claims for bodily injury by Kevin Sheehan and Deborah Sheehan in an action captioned <u>Sheehan v. Suffolk Construction Company, Inc. and East Coast Fire Proofing, Inc. v. Canatal Industries, Inc. and Red Oak Corporation</u>, Suffolk County Superior Court C.A. No. 01-0503F (the "Sheehan Action"). SIC further seeks a declaration that it has no obligation to defend Canatal in the Sheehan Action, and that any obligation it has to provide indemnity coverage to Canatal is not triggered until and unless Canatal exhausts its $1 million coverage under its primary commercial general liability insurance policy.

BOST1-831865-1

## Parties

1. Plaintiff SIC is a corporation organized and existing under the laws of the state of Ohio, having its principal place of business in Scottsdale, Arizona. SIC is, and at all relevant times was, authorized to transact business in Massachusetts.

2. Defendant Suffolk is a corporation organized and existing under the laws of Massachusetts, having its principal place of business in Boston, Massachusetts.

3. Defendant Canatal is, upon information and belief, a corporation organized and existing under the laws of Quebec, Canada and having its principal place of business in Quebec, Canada. Canatal was, at all relevant times herein, transacting business in Massachusetts.

## Venues

4. This Court has subject matter jurisdiction over this controversy pursuant to 28 U.S.C. § 1332 as the amount in controversy, exclusive of interest and costs, exceeds Seventy-Five Thousand ($75,000.00) Dollars and there is complete diversity of citizenship between the plaintiff and all of the defendants.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a) as one of the defendants resides within the district and a substantial part of the events and omissions that give rise to the subject of this action are situated in this district.

## Facts Common to All Counts

**A.   The SIC Insurance Policies**

6. On around July 8, 1999, Red Oak Corporation ("Red Oak"), a Massachusetts corporation, by and through its insurance broker, Christopher & Regan Insurance, submitted a completed application for commercial general liability insurance (the "Application") to SIC.

7. Relying on the information in the Application, SIC issued policy number CLS0550782 to Red Oak for the policy period 07-28-99 to 07-28-00 with a limitation of liability of $1 million per occurrence and $2 million in the aggregate (the "Policy"). A true and accurate copy of the Policy is attached hereto as Exhibit A.

8. The Policy contains a Blanket Additional Insured Endorsement which amends the definition of an Insured. Specifically, the Policy states in relevant part:

> WHO IS INSURED (SECTION II) is amended to include as an insured any person or organization (called additional insured) whom you are required to add as an additional insured on this policy under a written contract, agreement or permit which must be:
>
> a. currently in effect or becoming effective during the term of the policy; and
>
> b. executed prior to the "bodily injury," "property damage," "personal injury," or "advertising injury."
>
> The insurance provided to this additional insured is limited as follows:
>
> a. premises you own, rent, lease or occupy; or
>
> b. your ongoing operations performed for that additional insured as specified in the written contract, agreement or permit.
>
> . . .
>
> Any coverage provided hereunder will be excess over any other valid and collectible insurance available to the additional insured whether primary, excess, contingent or on any other basis unless a contract specifically requires that this insurance be primary.
>
> When this insurance is excess, we will have no duty under Coverage A or B to defendant the additional insured against any "suit" if any other insurer has a duty to defend the additional insured against that "suit." If no other insurer defends, we will undertake to do so, but we will be entitled to the additional insured's rights against all those other insureds.
>
> . . .

3

**B.     The Accident & Underlying Action**

9.     On or around October 15, 1999, Canatal entered into a contract with Red Oak to perform certain construction work at the Marriott Crown Colony. A true and accurate copy of the contract between Canatal and Red Oak is attached hereto as Exhibit B.

10.    The Canatal contract mandates that "Industries Canatal, Inc." is to be included as an additional insured on Red Oak's CGL insurance Policy. Id.

11.    The contract does not require that Suffolk be included as an additional insured on the SIC Policy. Id.

12.    Suffolk did not enter into a contract with Red Oak.

13.    On or around May 11, 2000, Kevin Sheehan, an employee of Red Oak, sustained bodily injury as a result of an accident at the Marriott Crown Colony construction site.

14.    In 2001, Kevin Sheehan and his wife, Deborah, filed a lawsuit captioned <u>Sheehan v. Suffolk Construction Company, Inc. and East Coast Fire Proofing, Inc. v. Canatal Industries, Inc. and Red Oak Corporation</u>, Suffolk County Superior Court Civil Action No. 01-0503F (the "Sheehan Action").

15.    Suffolk made demand on SIC for defense and indemnification under the Policy.

16.    SIC disclaimed coverage to Suffolk.

17.    On or about March 26, 2002, Suffolk filed a lawsuit in Suffolk County Superior Court entitled <u>Suffolk Construction Company, Inc. v. First State Management Group, Scottsdale Insurance Company and Gerling Canada</u>, Suffolk Superior Court Civil Action No. 02-1338,

seeking defense and indemnity from SIC for the Sheehan Action. A true and accurate copy of the complaint is attached hereto as Exhibit C.

18. On May 22, 2002, Suffolk filed a Stipulation of Dismissal of its claims against SIC pursuant to Mass. R. Civ. P. Rule 41(a)(1). A true and accurate copy of the Stipulation of Dismissal is attached hereto as Exhibit D.

19. In the winter of 2004, Suffolk renewed its demand for SIC to provide a defense and indemnity for the Sheehan Action.

20. Around that same time, Canatal made demand on SIC to provide it with a defense and indemnity for the Sheehan Action.

### COUNT I
### (Declaratory Relief Pursuant to 28 U.S.C. §2201 Against Suffolk)

21. SIC repeats the allegations set forth in paragraph 1 though 20 of the complaint and incorporates them herein by reference.

22. An actual controversy exists between SIC and Suffolk with respect to their respective rights and obligations under the Policy, as to which a declaratory judgment is necessary and appropriate.

23. The SIC Policy's Blanket Additional Insured Endorsement only obligates SIC to add a company as an Additional Insured to the Policy if that company entered into a written contract with Red Oak that required Red Oak to include the company as an additional insured. See Exhibit A.

24. Suffolk and Red Oak never entered into any contract.

25. The contract between Canatal and Red Oak did not require that Suffolk be included as an additional insured under the SIC Policy. See Exhibit A.

26. SIC is entitled to a declaration that it is not obligated to defend or indemnify Suffolk for any claims asserted by the Sheehan Action because Suffolk is not an additional insured.

## COUNT II
### (Declaratory Relief Pursuant to 28 U.S.C. §2201 Against Canatal)

27. SIC repeats the allegations set forth in paragraph 1 through 26 of the complaint and incorporates same herein by reference.

28. An actual controversy exists between SIC and Canatal with respect to their respective rights and obligations under the Policy, as to which a declaratory judgment is necessary and appropriate.

29. Red Oak and Canatal entered into a contract on October 15, 1999 to perform certain construction work at the Marriott Crown Colony. See Exhibit B.

30. Red Oak agreed in the contract to include Canatal as an additional insured under its CGL Policy issued by SIC. Id.

31. SIC's policy's Blanket Additional Insured Endorsement provides that:

> Any coverage provided hereunder will be excess over any other valid and collectible insurance available to the additional insured whether primary, excess, contingent or on any other basis unless a contract specifically requires that this insurance be primary.

32. At all times relevant herein, Canatal maintained a CGL Policy with Gerling Canada. See a copy of Gerling Canada's Policy issued to Canatal attached hereto as Exhibit E.

33. Gerling Canada's policy contains an "other insurance" provision which states as follows:

> This insurance is primary Insurance, except when stated to apply in excess of or contingent upon the absence of other insurance. When this Insurance is primary and the Insured has other Insurance which is stated to be applicable to the loss on an excess or contingent basis

the amounts of the Insurer's liability under this Insurance shall not be reduced by the existence of such other Insurance.

34. SIC is entitled to a declaration that it is not obligated to defend Canatal in the Sheehan Action because any coverage afforded Canatal as an Additional Insured under the Policy is excess over the Gerling Canada policy.

35. SIC is entitled to a declaration that it has no obligation to indemnify Canatal until and unless Canatal is held liable in the Sheehan Action for damages in excess of the $1 million policy limits of the Gerling Canada policy.

WHEREFORE, plaintiff Scottsdale Insurance Company respectively request that the Court grant it the following relief:

1. Enter an order declaring that SIC is not obligated to defend or indemnify Suffolk Construction Company, Inc. under the Policy for any claims asserted in the Sheehan Action because Suffolk is not an Additional Insured;

2. Enter an order declaring that SIC is not obligated to defend Canatal under the Policy in the Sheehan Action;

3. Enter an order declaring that SIC is not obligated to indemnify Canatal until and unless Canatal is held liable in the Sheehan Action for damages in excess of the $1 million policy limits of the Gerling Policy; and

4. Grant such other relief as the Court deems just and appropriate, including costs and attorneys fees incurred in this action.

SCOTTSDALE INSURANCE COMPANY
Plaintiff

By its Attorneys:

*/s/ Barbara O'Donnell*

Barbara O'Donnell, Esq. (BBO#544458)
Elizabeth C. Sackett, Esq. (BBO#633649)
**Robinson & Cole LLP**
One Boston Place
Boston, MA 02108
(617) 557-5900

Dated: July 2, 2004

JS 44 (Rev. 3/99)                     **CIVIL COVER SHEET**       04-11507

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
Scottsdale Insurance Company
Arizona

**DEFENDANTS**
Suffolk Construction Company, Inc. and
Cardinal Industries, Inc.

(b) County of Residence of First Listed Plaintiff: Scottsdale, Arizona
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed: Suffolk, MA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Barbara O'Donnell and Elizabeth C. Sackett
Robinson & Cole LLP
One Boston Place, Boston, MA 02108
(617) 557-5900

Attorneys (If Known)
John J. O'Brien
O'Brien & VonRosenvinge, P.C.
27 Mica Lane, 2nd Flr.
Wellesley, MA 02481

James Harrington
Robins, Kaplan,
Miller & Ciresi
11 Huntington Ave
Suite 1300
Boston, MA 02199

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☒ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☒ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 290 All Other Real Property |  | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 |
|  |  | ☐ 555 Prison Condition |  | ☐ 950 Constitutionality of State Statutes |
|  |  |  |  | ☐ 890 Other Statutory Actions |

### V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

This is a declaratory judgment action to resolve insurance coverage disputes.

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes  ☒ No

### VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE                    DOCKET NUMBER

DATE: 7/2/04
SIGNATURE OF ATTORNEY OF RECORD: [signature] Elizabeth Sackett

FOR OFFICE USE ONLY
RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)   Scottsdale Insurance Company v. Suffolk Construction Co., Inc

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    ___  I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    ___  II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
               740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       for patent, trademark or copyright cases

    _X_  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
               315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
               380, 385, 450, 891.

    ___  IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
               690, 810, 861-865, 870, 871, 875, 900.

    ___  V.    150, 152, 153.

    04-11507 RGS

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
                                                                            YES ☐    NO ■

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
                                                                            YES ☐    NO ■

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
                                                                            YES ☐    NO ■

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
                                                                            YES ☐    NO ■

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
                                                                            YES ■    NO ☐

    A.  If yes, in which division do all of the non-governmental parties reside?
        Eastern Division  ■      Central Division  ☐      Western Division  ☐

    B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
        Eastern Division  ☐      Central Division  ☐      Western Division  ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
                                                                            YES ☐    NO ☐

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME    Barabara O'Donnell and Elizabeth Sackett

ADDRESS            Robinson & Cole
                   One Boston Place
                   Boston, MA 02108

TELEPHONE NO.      617 557-5900